IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NATHANIEL ROBINSON,

      Plaintiff,

vs.

BESM, INC.,

      Defendant.

_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, NATHANIEL ROBINSON ("ROBINSON"), sues Defendant, BESM, INC., ("DEFENDANT" or "EMPLOYER") and states:

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § § 1681-1681u, as amended., and this Honorable Court has jurisdiction pursuant, *inter alia*, 15 U.S.C. § 1681p.

2. ROBINSON, sui juris, is a resident of Broward County and "consumer" and former "prospective employee" of EMPLOYER within the meaning of the applicable above-referenced statute.

3. Defendant is a former "employer," within the meaning of the above-referenced statute.

4. As part of Defendant's hiring policy and practice, and purportedly for employment purposes (particularly for purposes of evaluating a consumer for employment), it requires all applicants for employment to agree to a background check, including for criminal convictions.

5. As part of Defendant's uniform employment policy and practice (particularly in hiring), it then obtains "consumer reports" from "consumer reporting agencies" (as those terms are defined under FCRA) with regards to the employees.

6. Defendant than takes "adverse action" (as that term is defined under FCRA) based in whole or in part on consumer reports received from a consumer reporting agency.

7. Defendant's employment policy and practice, however, is not to provide any employees with notification of Defendant's anticipated adverse action prior to taking the action.

8. Moreover, Defendant's employment policy and practice is also not to provide to employees copies of the background report prior to making the adverse action.

9. Additionally, the Defendant's employment policy and practice is not to provide to employees copies of their rights under the Fair Credit Reporting Act prior to Defendant making the adverse action.

10. Furthermore, as part of Defendant's employment policy and practice, once the adverse action is taken against the employee/consumer based in whole or part upon the consumer report, the Defendant uniformly fails, *inter alia*, to provide the name, address, and telephone number of the consumer reporting agency that furnished the consumer report.

1. Further, as part of Defendant's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, the Defendant uniformly fails, inter alia, to disclose that the consumer reporting agency did not make the decision to take the adverse action and is unable

to provide to the consumer the specific reasons why the adverse action was taken.

11. Also as part of Defendant's employment policy and practice, once the adverse action is taken against the employee based in whole or part upon the consumer report, the Defendant uniformly fails, inter alia, to advise the employee that he may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

12. Additionally, the Defendant's employment policy and practice is not to provide to the employees copies of their rights under the Fair Credit Reporting Act even after the Defendant makes the adverse action based in whole or part upon the consumer report even when a copy of the rights under FCRA was not provided, for example, to a prospective employee, as part of any pre-adverse determination.

13. On or about February 2014, ROBINSON applied for a sales representative position with the EMPLOYER and as part of its uniform employment policy and procedure, requested to authorize a background check (i.e., a consumer report).

14. On or about February 2014, based upon Plaintiff's qualifications for the position, he was hired.

16. After the Defendant apparently conducted its background investigation, the Defendant rescinded the job offer and ultimately advised Plaintiff that the adverse action was based on the results of his criminal background check.

17. Consistent with Defendant's uniform employment policy and practice, the Plaintiff was never provided with any pre-adverse notices or documents, nor any information, disclosures or appropriate documents provided even after the adverse

3

action was made by the Defendant and conveyed to the Plaintiff.

18. EMPLOYER undertook the acts, implemented the policy/practice, and/or engaged in the conduct referenced above through its management/H.R. personnel.

19. Defendant's failure to comply with FCRA was, *inter alia*, willful, knowing, intentional and/or in reckless and/or conscious disregard of or indifference to Plaintiff's rights under the law.

20. ROBINSON has retained the services of the undersigned counsel and he is entitled under FCRA to an award of attorney's fees for prosecution of this action.

WHEREFORE, Plaintiff demands judgment as follows:

A. Judgment for appropriate actual/compensatory, statutory and punitive damages pursuant to 15 U.S.C. §§1681n &/or o;

B. Reasonable attorney's fees and cost pursuant to 15 U.S.C. §1681n &/or o; and

C. Such other relief as the court may deem appropriate.

LOREN & ASSOCIATES, P.A.
Counsel for Plaintiff
100 S. Pine Island Rd.– Suite # 132
Plantation , Florida 33324
Tel:   (954) 585-4878
Fax:   (954) 585-4886
E-mail: JLOREN@LORENLAW.COM

*[signature]*

_____
JAMES LOREN, ESQUIRE
Fla Bar No.: 0055409